D. Maimon Kirschenbaum
Denise Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed
FLSA Collective Plaintiffs, and proposed
Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x

SHAWN BERTRAM, on behalf of himself
and others similarly situated,

          Plaintiff,

v.

326 RESTAURANT CORP., d/b/a JOE
ALLEN RESTAURANT, JOE ALLEN,
and CLAIRE CHOVEAUX

          **Defendants.**

-----------------------------------------------------x

CASE NO.

COMPLAINT

FLSA COLLECTIVE ACTION
AND RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant 326 Restaurant Corp. is a New York corporation that operates Joe Allen Restaurant in Manhattan.

4. Joe Allen Restaurant has an annual gross volume of sales in excess of $500,000.

5. Defendant Joe Allen is an owner and operator of Joe Allen Restaurant.

6. Defendant Allen has the power to hire and fire Joe Allen Restaurant employees.

7. Defendant Allen is actively involved in managing the restaurant's operations. He also lives above the restaurant and is present every day at the restaurant.

8. Defendant Allen has the ultimate authority over financial decisions at the restaurant, including employees' pay.

9. To the extent the restaurant maintains payroll records, Defendant Allen has the ultimate authority over the maintenance of such records.

10. Defendant Claire Choveaux is the general manager at Joe Allen Restaurant.

11. Defendant Choveaux has the authority to hire and fire employees.

12. For example, Defendant Choveaux terminated Plaintiff's employment.

13. Defendant Choveaux is involved in scheduling employees and in setting their rates of pay.

14. Plaintiff Shawn Bertram was employed by Defendants as a server and bartender for about a year and a half, endiing February 7, 2017.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them for all hours worked and proper overtime pay. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18. Plaintiff brings the state law Claims for Relief (Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief) pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

20. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than forty (40) members of the Class.

21. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, and overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced

and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

   b) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiff and the Class members for their work.

   c) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Plaintiff and the Class members at all.

   d) Whether Defendants paid Plaintiff and the Class members the New York minimum wage for all hours worked.

   e) Whether Defendants properly compensated Plaintiff and Class members for overtime.

   f) Whether Defendants required Plaintiff to share tips with tip ineligible employees.

g) Whether Defendants provided proper wage notices to employees under New York Labor Law § 195. "

## FACTS

26. Plaintiff's Consent to Sue form is attached hereto as Exhibit A.

27. Defendants committed the following alleged acts knowingly, intentionally and willfully.

28. Defendants knew that nonpayment of minimum wage and nonpayment of overtime would economically injure Plaintiff and FLSA Collective Plaintiffs and violated federal and state laws.

29. Plaintiff's regular schedule at Joe Allen included Wednesday, Friday and Saturday lunches and Sunday and Monday dinner shifts.

30. Plaintiff often "picked up" additional dinner shifts from other employees after the weekly schedule was set.

31. For dinner shifts, Plaintiff arrived about 4:30 p.m. and worked until approximately 12/12:30 a.m., and often later.

32. For lunch shifts, Plaintiff arrived about 10:30 a.m. and worked until approximately 5:00 p.m.

33. In weeks where Plaintiff picked up additional dinner shifts, he typically worked more than 40 hours.

34. Defendants did not keep track of Plaintiff's time worked.

35. Instead, Defendants paid Plaintiff for a random amount of hours worked, presumably based on his scheduled times.

36. Because Plaintiff's shift ending times were unpredictable, Plaintiff often worked more than his "scheduled" hours.

37. Sometimes Defendants would have Plaintiff arrive for a lunch shift, and then send him home at about 12:00 p.m., after he finished his side work before the shift started.

38. Plaintiff believes he was not paid at all for this time.

39. For the hours that Defendants did in fact pay, they paid Plaintiff the "tip credit" minimum wage under the NYLL.

40. Defendants were not entitled to utilize the tip credits set forth under New York Labor Law because they did not give Plaintiff the appropriate notice of the tip credit, including but not limited to the notices required by N.Y. Lab. Law § 195.

41. Defendants never provided Plaintiff with the notices required by New York Labor Law § 195, such as annual notice regarding pay rates.

42. In addition, Plaintiff's paystubs did not include the actual hours worked by Plaintiff during each pay period.

43. Plaintiff and all the service employees at Joe Allen were required to share tips in a tip pool that includes a porter.

44. The porter with whom Plaintiff was required to share tips did not provide any direct customer service or have any direct interaction with customers.

45. Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

## FIRST CLAIM FOR RELIEF
(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*
Brought by Plaintiff on Behalf of Himself
and the FLSA Collective Plaintiffs)

46. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

47. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff.

48. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

49. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs seek damages in the amount of their unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*
Brought by Plaintiff on Behalf of Himself
and the FLSA Collective Plaintiffs)

50. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

51. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

52. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members that appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

53. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*
Brought by Plaintiff on Behalf of Himself,
the Class, and Opt-In Plaintiffs)**

54. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

55. Defendants knowingly paid Plaintiff and the Class less than the New York State minimum wage.

56. Defendants did not pay Plaintiff and the Class the New York minimum wage for all hours worked.

57. Defendants' failure to pay Plaintiff and the Class the New York minimum wage was willful.

58. As a result of Defendants' willful and unlawful conduct, Plaintiff, members of the Class, and the Opt-In Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
(New York Overtime Violations,
N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4
Brought by Plaintiff on Behalf of Himself,
the Class, and Opt-In Plaintiffs)

59. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

60. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

61. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

62. As a result of Defendants' willful and unlawful conduct, Plaintiff, members of the Class, and the Opt-In Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
(New York Notice Requirements,
N.Y. Lab. L. §§195, 198
Brought by Plaintiff on Behalf of Himself,
the Class, and Opt-In Plaintiffs)

63. Plaintiff, on behalf of himself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

64. Defendants did not provide Plaintiff and the members of the Class with the notices required by N.Y. Lab. Law § 195. For example, Defendants did not give Plaintiff or

members of the Class any annual notices regarding their pay rates, and the paystubs for Plaintiff and members of the Class did not reflect all the hours they worked or their overtime rate.

65. As a result of Defendants' unlawful conduct, Plaintiff, members of the Class, and the Opt-In Plaintiffs are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## SIXTH CLAIM FOR RELIEF
(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d
Brought by Plaintiff on Behalf of Himself,
the Class, and the Opt-In Plaintiffs)

66. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

67. Defendants retained gratuities paid by their customers and illegally shared gratuities among managerial employees and other employees ineligible to participate in the tip pool.

68. As a result of Defendants' willful and unlawful conduct, Plaintiffs, members of the Class, and the Opt-In Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, and such other legal and equitable relief as the Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
(Call-In Pay Violations, N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.5
Brought by Plaintiff on Behalf of Himself,
the Class, and the Opt-In Plaintiffs)

69. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

70. Defendants did not pay Plaintiffs and the members of the Class for certain shifts where they reported for work at the request of Defendants and were sent home early, even though Defendants were required to pay them for at least three hours of work for such shifts.

71. As a result of Defendants' willful and unlawful conduct, Plaintiffs, members of the Class, and the Opt-In Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I.     Pre-judgment and post-judgment interest, as provided by law; and

J.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
February 7, 2017

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/
D. Maimon Kirschenbaum
Denise Schulman
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.

# EXHIBIT A

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **JOE ALLEN RESTAURANT** and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Shawn Bertram
Full Legal Name (Print)

_[signature]_
Signature

2/7/16
Date