UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SHAWN BERTRAM, on behalf of himself           CASE NO. 17 CV 906 (PKC)
and others similarly situated,

            Plaintiff,

v.

326 WEST 46TH STREET CORP. d/b/a JOE
ALLEN RESTAURANT, JOE ALLEN and
CLAIRE CHOVEAUX,

           Defendants.
-------------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS,** Shawn Bertram ("Plaintiff") commenced an action against 326 West 46th Street Corp. d/b/a Joe Allen Restaurant (the "Restaurant"), Joe Allen ("Allen"), and Claire Choveaux ("Choveaux") (collectively, "Defendants") on or about February 7, 2017, in the United States District Court for the Southern District of New York (hereinafter, the "Court"), presently bearing Case Number 17 CV 906 (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

**WHEREAS,** Defendants filed their answer to the complaint on or about April 28, 2017, denying Plaintiff's allegations, and have contended that Plaintiff's allegations are unfounded and lack merit;

**WHEREAS,** Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated in good faith to reach a settlement acceptable to Plaintiff and Defendants which constitutes a reasonable compromise of Plaintiff's claims, Defendants' defenses, and the *bona fide* dispute between the parties to the Action;

**WHEREAS,** Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to settle the Action on the terms and conditions set forth in this Settlement Agreement and Release ("Agreement");

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. **Settlement Approval and Dismissal of the Action**

   For and in consideration of the promises outlined in Paragraph 2 and elsewhere in this Agreement, Plaintiff agrees to dismiss, or cause to be dismissed, the Lawsuit with prejudice by submitting this Agreement and the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A to the Court for approval. When Plaintiff submits this Agreement to the Court for approval, Defendants will submit to the Court a letter addressing why confidentiality is appropriate.

2. **Payment**

   (a) Provided that this Agreement has become effective in accordance with paragraph 11 below, Defendants shall pay a total sum of EIGHTEEN THOUSAND DOLLARS AND ZERO CENTS ($18,000) (the "Settlement Sum") as follows:

   i. $11,623.55 payable to Plaintiff Shawn Bertram ("Plaintiff's Individual Settlement Amount") payable as follows:

   1. $4,646.42 shall be payable seven (7) days after dismissal of the Action with prejudice. This payment shall represent alleged back wages and be subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2.

   2. $3,977.13 shall be payable seven (7) days after dismissal of the Action with prejudice. This payment shall represent alleged liquidated damages, interest, and penalties and be reported on an IRS Form 1099.

   3. $3,000 shall be payable six (6) months after the dismissal of the Action with prejudice. This payment shall represent alleged liquidated damages, interest, and penalties and be reported on an IRS Form 1099. Defendants shall deposit this payment in Defendants' counsel's escrow account no later than seven (7) days after dismissal of the Action with prejudice.

   ii. $6,376.45 payable to Joseph & Kirschenbaum LLP (JK) for attorneys' fees and costs (of which $564.68 represents costs), all of which shall be payable seven (7) days after dismissal of the Action with prejudice. The payment for attorneys' fees and costs shall be reported on an IRS Form 1099.

   (b) All payments of the Settlement Sum shall be by check delivered to Joseph & Kirschenbaum LLP at 32 Broadway, Suite 601, New York, NY 10004, Attn: Denise Schulman.

(c) Joseph & Kirschenbaum LLP shall be responsible for distributing Plaintiff's share of the Settlement Sum (*i.e.*, $11,623.55 payable by Defendants pursuant to Paragraph 2(a)(i) of the Agreement) to Plaintiff.

3. **Releases**

a. **Plaintiff's Release.** In consideration of the Settlement Sum to Plaintiffs by Defendants totaling $18,000.00, inclusive of Plaintiff's attorneys' fees and costs, and other valuable consideration set forth elsewhere in this Agreement to which Plaintiff is otherwise entitled, Plaintiff, individually and on behalf of anyone who has or obtains any legal rights or claims through him, once this Agreement becomes effective by its terms, hereby waives, releases and forever discharges 326 West 46th Street Corp. d/b/a Joe Allen Restaurant and its officers, directors, shareholders, owners, managers, investors, employees, attorneys, representatives and agents, including but not limited to Defendants Joe Allen and Claire Choveaux, all in their corporate and individual capacities; and any and all parent companies, affiliates, predecessors, successors and assigns, subsidiaries, and other related companies, if any ("Defendants' Releasees"), from any and all claims Plaintiff has, has had or may have, against Defendants' Releasees or any of them, including but not limited to claims for unpaid wages, unpaid prevailing wage, unpaid overtime, improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, wage notification, time worked, and any related penalties, damages, liquidated damages and attorneys' fees, including any and all claims under the FLSA and New York Labor Law.  Plaintiff further releases Defendants' Releasees, to the extent consistent with applicable law, from any and all claims they have, have had or may have, whether federal, state, local or otherwise, including but not limited to claims under Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990; the Civil Rights Act of 1991; the Family and Medical Leave Act; the Employee Retirement Income Security Act of 1974, as amended; the Equal Pay Act of 1963; the federal and New York Worker Adjustment and Retraining Notification Acts; the New York State Human Rights Law, the New York Labor Law; the New York City Human Rights laws and any other similar local laws; as well as any claims under any other federal, state or local statute, law, regulation, rule, ordinance or order that can legally be waived, whether based on common law or otherwise.  This release is effective with respect to any and all claims Plaintiff has, had or may have against any of Defendants' Releasees from the beginning of time to the date this Agreement becomes effective in accordance with paragraph 11 below.

   i. This release specifically, but only, excludes claims pertaining to vested benefits, claims that cannot be waived by private agreement, claims for enforcement of this Agreement and claims that arise after the date this Agreement becomes effective in accordance with paragraph 11 below.

   ii. Nothing in this Agreement prevents Plaintiff from filing a charge of discrimination with any federal, state or local fair employment practices agency, including the United States Equal Employment Opportunity Commission ("EEOC"), or cooperating with or participating in any such proceeding.  If Plaintiff files or participates in such a charge of discrimination, however, he understands that by signing this Agreement he is waiving his right to recover any monetary or other relief (including, but not limited to

reinstatement, back pay, front pay, damages and attorneys' fees) in connection with any such charges and/or claims.

      **b.**     **Defendants' Release.**  Defendants, on behalf of themselves and any and all parent companies, affiliates, predecessors, successors and assigns, subsidiaries, and other related companies (collectively, the "Releasing Defendants"), in consideration of Plaintiff's Release as set forth in Paragraph 3(a) of this Agreement and for the other promises and covenants contained in this Agreement, release and forever discharge Plaintiff and his current, former, and future heirs, executors, administrators, fiduciaries, insurers, agents, attorneys, successors, and assigns, and all persons acting by, through, under, or in concert with any of them, in their individual or representative capacities (Plaintiff and the foregoing other persons and entities are hereinafter defined separately and collectively as "Plaintiff's Releasees"), from all actions, causes of action, claims, and demands whatsoever, whether known or unknown, whether asserted or unasserted, in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to or arising out of any aspect of Plaintiff's employment with Defendants, any agreement concerning such employment, or the termination of such employment, which the Releasing Defendants ever had, now have, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date of Defendants' execution of this Agreement.  This release shall not apply to those claims, if any, that cannot be released as a matter of law under controlling legal authorities.

**4.**     <u>**Plaintiff's Responsibility for Taxes**</u>

    **a.**  Plaintiff assumes full responsibility for his portion of the payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal or state laws of any kind, with respect to the monies paid by Defendants to Plaintiff pursuant to this Agreement.  Plaintiff expressly acknowledges and warrants that he is, and shall be, responsible for all federal, state, and local tax liabilities which are attributable to him that may result from the payments under this Agreement, and Plaintiff hereby warrants that Defendants and Defendants' Releasees shall bear no responsibility for any such tax liabilities, except for the employer's share of payroll tax contributions (such as FICA) for which Defendants may be liable.  Plaintiff further agrees to hold Defendants and Defendants' Releasees harmless to the full extent of any such liabilities, payments or costs, including taxes, interest, penalties, and attorneys' fees (except such liabilities, payments or costs relating to the employers' payroll tax contributions) which may be assessed against or incurred by Defendants in connection with any payment made to or on behalf of Plaintiff hereunder.  Plaintiff agrees that should any tax liability arise or accrue to Plaintiff under local, state, or federal tax law as a result of any payments made under this Agreement (other than tax liability for the employer's share of payroll tax contributions), Plaintiff will pay any and all such finally determined obligations without seeking indemnity or reimbursement from Defendants or Releasees.

    b. Nothing in this Agreement is intended to constitute tax advice and Plaintiff acknowledges that he has been advised to consult with an accountant and/or tax attorney with respect to such matters. All Parties represent that they have not received, and shall not rely on, advice or representations from other Parties or the other Parties' agents concerning the tax treatment of payments under federal, state or local law. To the extent that this Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

    c. Plaintiff represents that he is not eligible for Medicare payments and has no claims, nor has he made claims, for medical expenses against Defendants.

    d. To the extent applicable, it is intended that this Agreement comply with the provisions of Section 409A of the Internal Revenue Code ("Section 409A") or provide a basis for exemption from such requirements so that none of the payments and benefits described in this Agreement will be subject to the additional tax imposed under Section 409A. The Agreement will be administered and interpreted in a manner consistent with this intent, and any provision that would cause the Agreement to fail to satisfy Section 409A will have no force and effect until amended to comply therewith (which amendment is to be retroactive to the extent permitted by Section 409A).

## 5. No Other Actions

Plaintiff promises, represents, and warrants that he has not filed any other judicial actions, any complaints with any governmental body or agency, or any other lawsuits, claims, demands or actions against Defendants aside from the Action

## 6. Sufficient Consideration

Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein.

## 7. Confidentiality

Unless otherwise required by law, Plaintiff shall not disclose the terms and provisions of this Agreement to any third party, except that Plaintiff may disclose the terms of this Agreement to his financial advisor(s), attorney(s), and/or immediate family members, each of whom have agreed to maintain such information in confidence. Plaintiff may respond to any inquiry about the case status by stating, in sum and substance, that it has been "resolved to the satisfaction of all parties." Anything to the contrary notwithstanding, the terms of this Agreement may be disclosed in a proceeding to enforce this Agreement, or where required by applicable law, court order, or subpoena, but provided that if he is required to do so by court order or subpoena, Plaintiffs shall notify Defendants c/o Jane Jacobs, Esq., Klein Zelman Rothermel Jacobs &

Schess LLP, 485 Madison Avenue, New York, NY 10022, jbjacobs@kleinzelman.com, in writing via letter or e-mail of any such required disclosure not more than three (3) days after receipt of such court order or subpoena to allow Defendants sufficient time to respond.

**8.     Breach of Confidentiality**

Plaintiff acknowledges and agrees that in the event that an arbitrator determines that Plaintiffs breached Paragraph 7, Plaintiff shall be liable for the portion of Plaintiff's Individual Settlement Amount that Defendants had previously paid to him. Any arbitration under this provision shall be submitted to the American Arbitration Association ("AAA") and conducted under the AAA's Employment Arbitration Rules and Mediation Procedures.

**9.     Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

**10.    Mutual Non-Disparagement/Neutral Reference.**

Plaintiff, Allen and Choveaux each agree not to make, utter, speak, write, or in any other manner, transmit or communicate to any person or entity any disparaging remark about any other Party. Nothing herein shall bar any Party from making truthful statements regarding the Action and/or the facts underlying the Action. Notwithstanding the foregoing, if any employer or prospective employer of Plaintiff contacts Defendants for a reference, background check, or makes any other inquiry concerning Plaintiff's employment with Defendants, then Defendants agree only to disclose the Plaintiff's dates of employment, position(s), and rate(s) of pay, provided that such inquiries are directed to and received by Choveaux.

**11.    Consideration Period and Effective Date.**

Plaintiff represents that he has been advised to consult legal counsel regarding this Agreement prior to his execution of same and that he has been represented by JOSEPH & KIRSCHENBAUM LLP. Plaintiff further acknowledges and represents that he has been provided the opportunity of at least twenty-one (21) days to consider, execute and return this Agreement. To the extent Plaintiff executes this Agreement before that twenty-one (21) day period expires, he freely and voluntarily elect to forgo waiting twenty-one (21) days prior to execution and acknowledges that (i) the benefits provided are available notwithstanding his choice to waive, or not waive this period and (ii) that this waiver was not in any way coerced or compelled by any of the Releasees or any other Party.

a.     Plaintiff acknowledges and represents that he fully understand all of the provisions of this Agreement, has had the opportunity to ask questions and is executing same freely and voluntarily.

b. Plaintiff further understands that he can revoke his acceptance by communicating such revocation in writing, so as to be received by Defendants counsel Jane B. Jacobs, Esq., Klein Zelman Rothermel Jacobs & Schess LLP, 485 Madison Avenue, New York, New York 10022 (jbjacobs@kleinzelman.com) within seven (7) days of his execution of the Agreement.

c. This Agreement will not become effective until the eighth (8th) day following such date that Plaintiff has executed this Agreement.

d. In the event that Plaintiff timely revokes his signature to the Agreement, the entire Agreement shall become null and void.

## 12. Attorneys' Fees

In the event of any litigation to enforce or regarding a breach of the terms of this Agreement in which a Party is found to have breached a term(s) of this Agreement, the non-breaching party shall be entitled to receive from the breaching party reasonable attorneys' fees and costs up through and including the appellate process.

## 13. Acknowledgment

Plaintiff acknowledges that he was represented by counsel of his choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that he had sufficient opportunity to consider this Agreement; that he read this Agreement and/or had this Agreement explained to his fully and carefully and understands its terms; and that he is signing it knowingly and voluntarily.

## 14. Oral Modifications Prohibited

The Parties affirm that no promise, inducement or agreement not expressed in this Agreement has been made. This Agreement represents the entire agreement between Plaintiff and Defendants with respect to the Action and shall bind and inure to their benefit and to that of, to the extent applicable, the Releasees. All prior agreements and/or understandings between the Parties, whether oral or written, are hereby terminated. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

## 15. Choice of Law

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

## 16. Venue

The parties hereto acknowledge that this Agreement is enforceable in the federal and state courts of New York. Plaintiff and Defendants hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the Eastern District of New York,

and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in the United States District Court for the Eastern District of New York or such New York State Court as lies within the geographic area encompassed by the United States District Court for the Eastern District of New York. Notwithstanding the foregoing, any action seeking a determination that Plaintiff breached the confidentiality provisions of this Agreement shall be submitted to AAA for arbitration.

### 17. Stipulation of Dismissal and Settlement Approval

Upon this Agreement becoming effective in accordance with paragraph 11 above, Plaintiff shall submit the Agreement together with the Stipulation of Dismissal annexed hereto as Exhibit A to the Court for approval.

### 18. Counterparts

This Agreement may be executed in multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

### 19. Facsimile and Email Signatures

Any Party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

### 20. Severability

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

### 21. Drafting

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

_____   Date: May 25th, 2017
Shawn Bertram

Shawn-Rodney Bertram        FI ID-BC3C79680348-0

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

I, Paul Mastrogiannis, a Notary Public, do hereby certify that SHAWN BERTRAM, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that said person signed and delivered the said instrument as said person's free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal this 25th day of May, 2017.

_____
Notary Public

PAUL MASTROGIANNIS
NOTARY PUBLIC
QUEENS, NEW YORK
NO. 01MA6118199
COMMISSION EXPIRES-12/06/2020

_____   Date: _____, 2017
326 West 46th Street Corp.
By:
Its:

_____   Date: _____, 2017
Joe Allen

_____   Date: _____, 2017
Claire Choveaux

_____   Date: _____, 2017
Shawn Bertram

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

I, _____, a Notary Public, do hereby certify that SHAWN BERTRAM, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that said person signed and delivered the said instrument as said person's free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal this ____ day of _____, 2017.

_____
Notary Public

*Choveaux*  _____   Date: _6 June_, 2017
326 West 46th Street Corp.
By: CLAIRE CHOVEAUX
Its: Vice President

*Joseph E. Allen*  _____   Date: _6 JUNE_, 2017
Joe Allen

*Choveaux*  _____   Date: _6 June_, 2017
Claire Choveaux

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SHAWN BERTRAM, on behalf of himself
and others similarly situated,

                Plaintiff,

v.

326 WEST 46TH STREET CORP. d/b/a JOE
ALLEN RESTAURANT, JOE ALLEN and
CLAIRE CHOVEAUX,

                Defendants.
---------------------------------------------------------------X

CASE NO. 17 CV 906 (PKC)

## STIPULATION AND ORDER OF DISMISSAL

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice, without costs to any party against any other. This Stipulation may be filed with the Court without further notice to any party. This Court shall retain jurisdiction to enforce the parties' Settlement Agreement.

Dated: New York, New York
        June 7, 2017

For the Plaintiff:
JOSEPH & KIRSCHENBAUM LLP

_____
D. Maimon Kirschenbaum
Denise A. Schulman
32 Broadway, Suite 601
New York, NY 10004

For the Defendants:
KLEIN ZELMAN ROTHERMEL JACOBS &
SCHESS LLP

_____
Jane Jacobs
Jesse Grasty
401 Greenwich Street
New York, NY 10013

So Ordered: _____
        Hon. P. Kevin Castel (U.S.D.J.)

{00130808;1}